UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW JOSEPH BENNETT,

    Petitioner,

v.                                           Case No. 5:13-cv-79-Oc-27PRL

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner is a State of Florida inmate serving a ten year sentence for violating probation. His Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 challenges his underlying 2009 convictions for DUI-manslaughter and DUI with serious bodily injury, entered after he pleaded no contest and for which he was placed on probation (Dkt. 1).[1] He claims he received ineffective assistance of counsel when he entered no contest pleas to the underlying charges. Respondent responded in opposition (Dkt. 11). Petitioner did not file a reply (Dkt. 14).

### Procedural History

Petitioner was charged with DUI-manslaughter (count one), vehicular homicide (count two), DUI with serious bodily injury (count three), and reckless driving with serious bodily injury (count four). *See* App. C at 2.[2] Petitioner entered into a plea agreement in which he agreed to enter a plea

---

[1] Petitioner also filed an accompanying memorandum of law (Doc. No. 2).

[2] All exhibits cited by the Court throughout this Order are located in the appendix record of Petitioner's state court proceedings, docket entry 12.

of nolo contendere to counts one and three. *Id.* at 466-68. On April 13, 2009, the trial court adjudicated Petitioner guilty of the crimes, withheld imposition of sentence, and placed him on probation for ten years on count one and five years on count three, to be served concurrently. *Id.* at 466-72, 662-69.

On October 26, 2009, Petitioner's probation officer filed an affidavit of violation of probation. *Id.* at 686. On January 26, 2010, the trial court conducted a violation of probation hearing and found that Petitioner violated the conditions of his probation. The trial court sentenced Petitioner to imprisonement for a term of ten years. *Id.* at 705. The state appellate court affirmed *per curiam* on February 1, 2011. The mandate issued on February 23, 2011.

On April 7, 2011, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850,[3] which the trial court denied on May 9, 2011. The state appellate court affirmed *per curiam* on January 12, 2012. The mandate issued on March 26, 2012.

**Legal Standard of Review (One-Year Period of Limitation)**

Pursuant to 28 U.S.C. § 2244,

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

---

[3]Petitioner filed his postconviction matters *pro se*, and references to the filing dates of those matters shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

United States is removed, if the applicant was prevented from filing such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## Discussion

Petitioner raises the following claims: (1) trial counsel "was ineffective for failing to utilize and convey exculpatory evidence relative to established scientific principles and fundamental law of DUI Manslaughter/DUI Serious Bodily Injury, thus rendering his plea involuntary"; (2) trial counsel was ineffective for "failing to utilize his subcontracted private investigator's findings, review his investigation reports, and convey exculpatory evidence to develop a defective tire defense"; (3) trial counsel was ineffective to failing "to obtain a comprehensive investigation of the crash vehicle, including accident reconstruction by an expert in the field"; (4) trial counsel was ineffective for failing "to procure the time card which would have refuted the states [sic] chief witness' statement that Petitioner was drinking whiskey shots at the bar . . . on the night of the accident"; and (5) trial counsel was ineffective for "failing to advise all terms, stipulations, and consequences of the plea." *See* Dkt. 2 at 5, 9, 11, 13-14.

Petitioner did not file a direct appeal, and the time for appealing expired 30 days after the judgment of conviction was entered. See Fla. R. App. P. 9.110(b). Because the judgment of

conviction was entered on April 13, 2009, the time to appeal expired on May 13, 2009. Petitioner had until May 13, 2010, absent tolling, to file a federal habeas petition regarding his convictions. Petitioner's federal habeas petition was filed on February 2, 2013.

Although Petitioner filed a Rule 3.850 motion, it was filed after the one-year period had expired, and, therefore, did not toll the one year period of limitation. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

The Court notes that Petitioner's claims relate to the original charges and proceeding that resulted in the trial court adjudicating him guilty of the crimes and placing him on probation. In particular, the claims concern the voluntariness of Petitioner's plea and the ineffective assistance of counsel in the context of the voluntariness of his plea. There is no claim regarding the violation of probation proceeding.

In *Ferreira v. Secretary, Department of Corrections*, 494 F.3d 1286 (11th Cir.2007), the Eleventh Circuit Court of Appeals held "AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence." *Id.* at 1293. The decision in *Ferreira* is distinguishable because that case involved the correction of an invalid sentence, not a new sentence based on revocation of probation.[4]

Here, Petitioner' conviction became final before his probation was revoked. That revocation did not affect the finality of Petitioner's original judgment and conviction, as did the corrected sentence in *Ferreira*. Petitioner's claims are directed to his original conviction, not his probation

---

[4]For the same reason, the decision in *Green v. Price*, 439 App'x 777 (11th Cir. 2011) is distinguishable.

4

revocation.[5] Accordingly, the AEDPA's one year statute of limitations began to run when his original conviction became final. His probation revocation did not resurrect, toll or otherwise extend the one- year limitation period. Petitioner has not demonstrated that he is entitled to equitable tolling. The petition is untimely and must be dismissed.

ACCORDINGLY,

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. See 28 U.S.C. § 2253(c)(2); *Slack*

---

[5]Likewise, the decision in *Burton v. Stewart*, 549 U.S. 147 (2007) is distinguishable. Burton was initially convicted and sentenced in 1994, and was resentenced in 1996 and again in 1998. Burton filed his initial federal habeas petition in 1998 while state court review of his 1998 sentence was pending, and it was denied. After his state sentencing challenge was rejected, he filed another federal habeas petition in 2002, contesting the constitutionality of his 1998 sentence. The Supreme Court determined that the petition should have been denied as successive, holding that the judgment that formed the basis of the habeas petition was the one that placed Burton in custody. The Supreme Court found that Burton was in custody pursuant to the 1998 resentence when he filed both of his federal petitions, and no new judgment intervened between the two petitions.

Here, Petitioner's claims challenge the assistance of counsel he received during the proceedings that led to the adjudication of guilt and the imposition of probation. The subsequent revocation of that probation did not commence the running of the limitation period on the claims of ineffective assistance arising from the original adjudication.

*v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** this 19th day of May, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copy to: Petitioner *pro se*
Counsel of Record